IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CR-13-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THOMAS CUMMINGS, | ) | |
| | ) | |
| Defendant. | ) | |

On May 16, 2011, pursuant to a written plea agreement, Thomas Cummings ("Cummings") pleaded guilty to conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine and 50 kilograms or more of cocaine base (crack) (count one) and possession of a firearm by a felon (count four). See [D.E. 25, 26]. On October 28, 2011, the court held Cummings's sentencing hearing. See [D.E. 36, 37]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Cummings's total offense level to be 37, his criminal history category to be II, and his advisory guideline range on count one to be 235 to 293 months' imprisonment and on count four to be 120 months' imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Cummings to 180 months' imprisonment on count one and 120 months' concurrent imprisonment on count four. See id.; [D.E. 37]. Cummings did not appeal.

On November 5, 2015, Cummings moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 59]. Cummings's new advisory guideline range on count one is 188 to 235 months' imprisonment, based on a total offense level of

35 and a criminal history category of II. See Resentencing Report. Cummings requests a 145-month sentence on count one. See id.; [D.E. 59].

The court has discretion under Amendment 782 to reduce Cummings's sentence. See, e.g., Chavez-Meza v. United States, No. 17-5639, 2018 WL 3013811, at *4–7 (U.S. June 18, 2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Cummings's sentence, the court finds that Cummings engaged in serious criminal behavior. See PSR ¶¶ 8–13. Moreover, Cummings is a violent recidivist and has convictions for injury to personal property (two counts), simple assault (two counts), possession of marijuana (two counts), resisting/obstructing a public officer, assault on a female (five counts), assault inflicting serious injury (two counts), and possession of drug paraphernalia. See id. ¶¶ 16–29. Furthermore, Cummings has performed poorly on supervision and has a spotty work history. See id. ¶¶ 16, 22, 23, 29, 44–51. Nonetheless, Cummings has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Cummings received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Cummings's sentence would threaten public safety in light of

2

his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Cummings's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 2018 WL 3013811, at *4–7; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Cummings's motion for reduction of sentence [D.E. 59].

SO ORDERED. This 19 day of June 2018.

JAMES C. DEVER III
Chief United States District Judge